**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

**RICHARD F. STOKES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

January 22, 2021

Philip T. Edwards, Esquire
1011 Centre Rd.,
Suite 210
Wilmington, DE 19805

Maria R. Granaudo Gesty, Esquire
Delaware Corporate Center I
1 Righter Parkway
Suite 130
Wilmington, DE 19803

RE:     *JANE DOE VS MASSAGE ENVY FRANCHISING, LLC et al.*
           **Civil Action Number: C.A. No. S20C-05-025 RFS**

Dear Counsel:

The Court has received Hand and Stone Franchise Corporation's ("Hand and Stone") Motion for Reargument filed January 14, 2021. Plaintiff's opposing response was filed on January 20, 2021. Upon review, the motion is denied.

Hand and Stone argues the Court misapplied the regulations regarding Hand and Stone's reporting obligations.[1] Whether Hand and Stone had a duty to report Dorman's alleged misconduct is not material to the Court's decision. The whole focus of the motion to dismiss was centered around the issue of control and Dorman's employment. Additionally, GWS's reply in support of its motion to dismiss, filed August 19, 2020, did not challenge lack of duty or the failure to report. It was not until the parties filed their supplements that the issue of duty was raised. Along with the supplement, Hand and Stone provided an exhibit of an order from another Pennsylvania court. Hand and Stone then argued:

> In that case, as in the case at bar, Hand and Stone Franchise Corporation argued
> that no duty to the Plaintiff existed, and that Hand and Stone could not be

---

[1] Hand and Stone argues Jane Doe did not allege Hand and Stone was the licensee or the person-in-charge under the applicable regulations. In the complaint, Plaintiff alleges: "All Defendants violated the above-mentioned law by failing to have a qualified "Person In Charge" at their establishments and/or by not reporting known violations of Bd. Rule 11.2." Pl.'s Comp. ¶ 15.

vicariously liable for the sexual assault at issue, because the massage therapist was not an employee of any Hand and Stone franchise at the time of the assault at issue.[2]

The Court has not overlooked the issue of duty; however, the posture of the case leads the Court to focus on the narrow issue raised in Hand and Stone's motion to dismiss. Upon filing their supplement, Hand and Stone introduced an independent issue, which can be developed in discovery. Should the parties wish to file additional motions after discovery, the parties are free to do so.

Very truly yours,

_____
Richard F. Stokes, Judge

cc: Prothonotary's Office

---

[2] Def.'s Supp. ¶ 8.